UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cr-00048-SEB-DKL |
| | ) | |
| PAUL M. HUSKISSON (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S PRETRIAL MOTIONS
AT DOCKET NOS. 124, 135, 139, 140, 141, 152, 155 & 157**

Before the Court is a series of pretrial motions filed by the Defendant appearing *pro se*. After careful review, the Court issues the following rulings:

1. **Defendant's Motion for Evidentiary Hearing Pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). [Docket No. 124]:**

The Motion is DENIED. None of the grounds cited by Defendant in his motion constitutes a material misstatement or omission justifying a *Franks* hearing. He has failed to make the required "substantial preliminary showing that a false statement" by Affiant was "knowingly or intentionally, or with reckless disregard for the truth" made and included in the warrant affidavit. *Franks*, 438 U.S. at 155–56; *see also, United States v. Currie*, 739 F.3d 960, 963 (7th Cir. 2014). Defendant has failed to establish that any of the alleged errors or omissions in the affidavit affected (or would have affected) the

1

magistrate judge's finding that probable cause existed to support the search warrants at issue in this case.

The "omissions" cited by Defendant reference information as to the informant's background and status as a first-time informant. Defendant objects to the omission of the informant's prior arrest on a drug conspiracy charge, and the potential mandatory minimum sentence the informant might have faced had he been convicted of the offense for which he was arrested. This information, even assuming it is all truthful and accurate, is not material when, as here, other information in the affidavit sufficiently corroborates the truthfulness of the informant's statements. *United States v. Taylor*, 471 F.3d 832, 840 (7th Cir. 2006). The affidavit (¶ 6) clearly states that the informant whose assistance was relied upon by law enforcement in this case had cooperated only after his arrest for conspiracy to distribute methamphetamine and related offenses. Ongoing surveillance activities and monitoring by law enforcement officers occurring simultaneously with the confidential informant's actions and statements throughout the investigation corroborate the informant's statements as referenced in the Affidavit. This information sufficed to alert the magistrate judge to the informant's reason(s) and motives for cooperating with federal agents.

Similarly, information concerning the informant's possible or likely motive for providing information was not material in light of the other information set out in the affidavit which sufficiently corroborated the informant's statement(s). *Id*. at 840.

Defendant's challenges to statements allegedly made by and about himself as well as the informant relating to previous drug dealings, though controverted by Defendant, have not been supported by an offer of proof by sworn affidavits or other reliable witness statements. Thus, there is no basis on which the Court could rule that statements by an agent which have been disputed by Defendant reflect a deliberate falsehood or constitute reckless statements made by him in disregard of the truth in the Affidavit.

To the extent there are factual inconsistencies/disparities between the assertions in the affidavit and subsequently proffered government evidence, these discrepancies, at most, involve trivial matters. They are minor, insignificant differences that do not rise to the level of undermining the reliability of the affidavit. They fall well short of establishing intentional or reckless falsehoods by the agent. It is likely that any factual disparities are the result of the circumstances in which the affidavit was prepared by the agent, who was at the time overseeing a fast-paced investigation in which the acquisition of a search warrant was necessary on an accelerated basis to ensure that evidence was not lost due to any delay on the part of law enforcement. Haste of this sort, when it occurs, can not only explain minor factual discrepancies, it undermines arguments accusing the agent of intentional or reckless falsehoods in drafting his affidavit.

As noted, Defendant has failed to provide the necessary preliminary showing that any of the factual statements made in the search warrant affidavit or any of the alleged omissions from the affidavit amounted to either a deliberate falsehood or reckless indifference to the truth. Further, defendant has failed to establish that any of the alleged

errors or omission had the potential to affect the magistrate judge's determination as to probable cause in support of the requested search warrants that ultimately were issued in this case. Defendant, therefore, is neither entitled to a *Franks* hearing nor to any other relief (i.e., suppression of evidence) based on the arguments advanced in this motion. Accordingly, it is DENIED.

2.   **Defendant's Motion for Evidentiary Hearing on Defective/Invalid Search Warrant, pursuant to Federal Rule of Criminal Procedure 41(d)(2)(C). [Docket No. 140]:**

This Motion is DENIED. Defendant seeks the suppression of evidence that was obtained from the execution of federal search warrants at Defendant's residence and business on February 6, 2016. The relief sought is based on three alleged violations of Rule 41 – §§ (d)(2)(C), (f)(1)(A), and (b)(6)(B) and (C). (Section (d)(2)(C) is not the Rule cited by Defendant as the basis for this motion, but, after examining his contentions, we conclude that this Rule is the likely basis for his motion. The Rule he cited (Rule 41(2)(A)(c)) does not actually exist.)

Rule 41 (d)(2)(C) requires that testimony received by the Court that has been proffered as support for a search warrant in the application be recorded by a court reporter or recording device and that the judge file a transcript or recording with the clerk of court. This provision applies when the warrant has been requested in the presence of a judge. The government indicates here that the search warrant application and attached affidavit were submitted to the magistrate judge and no witness testimony was elicited or

4

provided relating to the issuance of the warrant. Thus, this requirement of a recording and the filing of a transcript does not apply to Defendant's case.

Rule 41 (f)(1)(A) requires that the officer executing the warrant must enter on it the exact date and time it was executed. The date of the execution of the warrant was properly entered by the officer, to wit, February 6, 2016, the same date on which the warrant was issued by the magistrate judge. The exact time of the execution of the warrant, however, was omitted from the Return. This is, indeed, a violation of this rule, but it is a technical, minor violation about which well-established case law affords no relief. The requirement that the time of the execution of the warrant be placed on the warrant upon its return is a ministerial act, the violation of which neither voids the search warrant nor provides grounds for suppressing the evidence seized during the execution of the search warrant. *United States v. Kelly*, 14 F.3d 1169, 1173 (7th Cir. 1994).

Rule 41 (d)(2)(C) applies to warrants sought by telephone or other electronic means. The warrant request at issue here was not submitted in this fashion. Thus, this rule affords to basis for the relief which Defendant seeks.

The grounds for relief cited by Defendant in this motion seeking a hearing based on a defective/invalid search warrant are without merit. No hearing is therefore necessary or appropriate. The Motion is accordingly <u>DENIED</u>.

**3. Defendant's Motion for Reconsideration. [Docket No. 135]:**

This Motion is DENIED. Defendant's motion for reconsideration of our order denying his motion to suppress [Docket No. 76] seeks only to relitigate two factual conclusions reached in that order: (1) that the illegally obtained information did not affect the judicial officer's decision to issue the warrant, and (2) that the officers' decision to seek a warrant was not prompted by anything discovered during the illegal entry.

Defendant has offered no newly discovered evidence or governing legal authority in his motion to reconsider. Instead, he advances only a recitation of our prior order along with brief summaries of the cases on which we relied in reaching our conclusions. While the Federal Rules of Criminal Procedure do not provide for motions to reconsider, courts generally treat them the same as motions to alter or amend judgment would be treated in the civil context under Fed. R. Civ. P. 59(e), which motions are granted only "to correct manifest errors of law or to present newly discovered evidence." *See e.g., Indiana v. Helman*, 2008 WL 2557246, at *1–2 (N.D. Ind. June 23, 2008) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Because Defendants' motion to reconsider merely rehashes the arguments presented in his original motion to suppress, it is hereby DENIED. In addition, as Defendant's motion at Docket No. 157 is, in essence, simply a request for a rehearing on the motion to suppress, it is also DENIED.

4. **Motion for Disclosure of Jencks Act Material and *Brady/Giglio* Material, pursuant to Federal Rule of Criminal Procedure 16. [Docket No. 139]:**

This Motion is <u>DENIED</u> as moot.  The Government reports that it has made the required disclosures to Defendant's standby counsel, following Defendant's refusal to accept delivery of the material on April 7, 2017.  The Government understands that it is under a continuing obligation to provide discovery information as well as any exculpatory evidence that may come into its possession or knowledge following these initial disclosures.  Jencks Act statements are disclosable following the testimony at trial of the witness on direct examination.  18 U.S.C. § 3500.

5. **Motion for Request of Motion Deadline Order, pursuant to Federal Rule of Criminal Procedure 12(c). [Docket No. 141]:**

This motion is confusing as submitted.  Defendant's verbatim request is that the Government "produce any formal filing of statements and or documents and or order made by the courts on a document 30 day deadline under Rule 12(c)" and "allow pretrial motions."

The Government's response cites the March 10, 2016 Scheduling Order [Docket No. 51] at page 10.  Section VIII of that Order addresses Pretrial Motions and Evidentiary Hearings and applies both to the Defendant and the Government.  The times for filing such motions are specified there.  Thus, Rule 12(c) has been fully complied with by the Scheduling Order.  No other ruling is required on this matter at least at this time.

6. **Motion to Challenge 21 U.S.C. § 851(a)(1). [Docket No. 152]:**

This Motion is DENIED. This motion challenges the Government's filing of the § 851 Information [Docket No. 130], which has the effect of notifying the Defendant (and the Court) of Defendant's prior drug-related state felony conviction (entered on June 5, 2009) and the Government's intention to seek an enhanced sentence, if Defendant is convicted on the pending charge(s). The statute expressly requires the Government to file this notice and serve a copy on the Defendant before trial or before entry of a plea of guilty by Defendant. The Government's filing of this Information complies with these statutory requirements.

To the extent that Defendant believes that the Government must obtain a superseding indictment of some sort before it can file a § 851 Information, he is mistaken. The § 851 Information is a separate document that is filed in conjunction with the pending Superseding Indictment against Defendant, which is the means by which the Government formally states its intention to seek an enhanced penalty following Defendant's conviction, should such occur. Defendant's motion is therefore DENIED.

7. **Motion for Hearing Dates on Defendant's Pretrial Motions. [Document 155]:**

This motion is DENIED. The Court has now ruled on Defendant's pretrial motions and finds them unavailing as a matter of law. No purpose would be served by

8

scheduling a hearing to further consider these matters.

    IT IS SO ORDERED.

Date:   7/25/2017                     *Sarah Evans Barker*

                                          SARAH EVANS BARKER, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distribution:

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Paul Huskisson
219303 #321
GCDC
320 Shaw Station Road
Leitchfield, KY 42754

9