UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00048-SEB-TAB |
| | ) | |
| PAUL M. HUSKISSON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**<u>Order to Show Cause</u>**

Defendant filed a motion seeking compassionate release. Dkts. 222, 239, 250. He seeks immediate release from incarceration. He argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because he has various medical conditions (including obesity, asthma, and hypertension) that place him at risk for having a severe illness if infected with COVID-19 and he cannot adequately protect himself from being infected while incarcerated. *See, e.g.*, dkt. 250. He also argues that extraordinary and compelling reasons support his release because he would receive a shorter sentence if he were sentenced today. *Id.*

After Defendant's motion became ripe, the Court ordered the United States to supplement its response to inform the Court as to whether Defendant had been offered or received the COVID-19 vaccine. Dkt. 251. The United States filed a supplement showing that has received both doses of the Pfizer COVID-19 vaccine. Dkt. 252. The Court gave Defendant the opportunity to file a reply, but the time for doing so has passed and no reply has been filed. Dkt. 251.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison

sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, __ F.3d __, No. 20-2893, 2021 WL 1747898, at *2 (7th Cir. May 4, 2021).

Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See, e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021); *United States v. Shivers*, No. 1:15-cr-111-TWP-MJD-2, dkt. 154 (S.D. Ind. Dec. 11, 2020); *United States v. Jansen*, No. 1:08-cr-132-SEB-TAB-12, dkt. 1336 (S.D. Ind. Nov. 25, 2020); *United States v. Uziekalla*, No.3:15-cr-43-RLY-CMM-28, dkt. 1652 (S.D. Ind. Nov. 19, 2020). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Pfizer vaccine that Defendant has received. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Pfizer vaccine are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited June 8, 2021). The CDC also reports that the COVID-19 vaccines authorized for use

in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of June 8, 2021, the BOP has administered 189,019 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited June 8, 2021). In April 2021, the BOP Director testified to the Senate Judiciary Committee that all BOP inmates would be provided the opportunity to be vaccinated by mid-May 2021. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited June 8, 2021). And, indeed, Defendant has now received the vaccine.

Given that Defendant has now been fully vaccinated against COVID-19, it does not appear to the Court that the risk he faces from the COVID-19 pandemic can be an extraordinary and compelling reason warranting his immediate release, whether alone or in combination with his argument about the disparity between the sentence he actually received and the sentence he might receive if sentenced today. *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated); *United States v. Schoonover*, No. 1:02-cr-156-JMS-TAB-01, 2021 WL 1814990, at *4 (S.D. Ind. May 6, 2021) (same); *see also United States v. Harris*, No. 4:16-cr-40073-SLD, 2021 WL 2021440, at *3 (C.D. Ill. May 20, 2021) ("In light of his vaccination and the low number of cases at USP Lompoc currently, the Court finds that

Defendant has not shown extraordinary and compelling reasons for release exist based on the COVID-19 pandemic."); *United States v. Williams*, Criminal No. 16-251 (DWF/KMM), 2021 WL 1087692, at *3–4 (D. Minn. Mar. 22, 201) ("[T]he Court finds that any risk that Williams will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus . . . . The Court recognizes Williams's concern that the vaccine's efficacy against new variants of COVID-19 is unknown; however, the Court finds this fear entirely speculative . . . ." (citations omitted)); *United States v. Grummer*, ___ F. Supp. 3d ___, No. 08-CR-4402-DMS, 2021 WL 56782, at *2 (S.D. Cal. Feb. 16, 2021) (collecting cases and stating, "Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19. Other courts to address the issue have reached similar conclusions."). Accordingly, within **7 days of the date of this Order** Defendant shall **show cause** why the Court should not find that the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release, whether alone or in combination with his other proffered extraordinary and compelling reasons for release.

**If Defendant fails to respond as required by this Order, the Court will deem Defendant to have abandoned his argument that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason warranting release.**

    **IT IS SO ORDERED.**

Date:  6/11/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel