UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-48-SEB-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| PAUL M. HUSKISSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00048-SEB-TAB |
| | ) | |
| PAUL M. HUSKISSON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Paul M. Huskisson requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Huskisson's motion is **denied**.

**I. Background**

In 2017, a jury found Mr. Huskisson guilty of one count of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 851. Dkt. 182. According to the presentence investigation report, Mr. Huskisson sold 2.199 kilograms of actual methamphetamine to a confidential informant. Dkt. 187 at 3. The Court sentenced Mr. Huskisson to 240 months of imprisonment, followed by 10 years of supervised release. Dkts. 193, 194. During the course of the prosecution, the United States filed an information under 21 U.S.C. § 851 alleging that Mr. Huskisson had previously been convicted of a felony drug offense. Dkt. 130. As a result, the 240-month sentence of imprisonment was the mandatory minimum sentence under the law as it existed at the time. 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010, to Dec. 20, 2018).

In January 2019, Mr. Huskisson filed a pro se motion for compassionate release. Dkt. 222. The Court appointed counsel to represent Mr. Huskisson, and counsel filed a brief in support of

the motion for compassionate release. Dkts. 224, 239. Mr. Huskisson argues that he establishes extraordinary and compelling reasons for compassionate release because (1) his prior conviction no longer qualifies as a felony drug offense under 21 U.S.C. § 841(b)(1)(A) and, even if it did, if he was sentenced today, he would not be subject to a mandatory 20-year term of imprisonment; and (2) his medical conditions (obesity, asthma, anxiety, probable schizophrenia and unspecified personality disorder ) place him at risk of severe illness if he were to contract COVID-19. Dkt. 239 at 6-18. The United States filed an opposition brief, dkt. 241, and Mr. Huskisson filed a reply, dkt. 250. The Court thereafter entered an order requiring Mr. Huskisson to show cause why the Court should not find that the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release, whether alone or in combination with his other proffered extraordinary and compelling reasons for release, in light of the fact that he has now been vaccinated. Dkt. 253. In response, Mr. Huskisson argues that it is unclear how effective the vaccine will be for obese individuals and therefore he remains at risk of severe illness from COVID-19 despite his vaccination. Dkt. 254. Thus, the motion is now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563

(7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Huskisson's first reason for requesting a sentence reduction—the disparity between the sentence he received and the sentence he might receive if sentenced today—is without merit. According to Mr. Huskisson, based on cases decided after he was sentenced, the prior conviction used to enhance his sentence no longer qualifies as a "felony drug offense" and therefore the increased penalties for defendants with a prior "felony drug offense" should not have been applied to him. Mr. Huskisson further argues that, even if his prior conviction still qualifies him for an enhanced sentence under § 841, the mandatory minimum penalty he would receive has since been reduced from 20 years to 15 years, thereby creating another sentencing disparity for him. However, non-retroactive changes in sentencing law are not extraordinary and compelling reasons for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) (non-retroactive change in law about which version of the guidelines to apply is not an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). Nor is a motion for compassionate release the proper way to remedy a potential error in the original sentence. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

Mr. Huskisson's second reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—fares no better, either alone or in combination with any other reason. "[F]or the many prisoners who seek release

based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Huskisson is fully vaccinated, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[1] *See id.* Additionally, Mr. Huskisson "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Huskisson cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Given the determination that Mr. Huskisson has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

---

[1] In response to the Court's show-cause order, Mr. Huskisson cited to a small study from Rome suggesting that the COVID-19 vaccine may be only about half as effective in people with obesity than those at a healthy weight. Dkt. 254 at 1-2. But that study is not peer-reviewed, *see id.*, and the Court declines to find it sufficient to carry the burden of showing that Mr. Huskisson cannot benefit from the COVID-19 vaccine. Regardless, that study at best show that the immune systems of people with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions, *id.*, not that the COVID-19 vaccine will fail to protect people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release.

### III. Conclusion

For the reasons stated above, Mr. Huskisson's motion for compassionate release, dkt. [222], is **denied.** Mr. Huskisson's motion for an extension of time to file his brief in support of his motion for compassionate release, dkt. [237], is also **granted** to the extent that the Court has considered the supporting brief.

**IT IS SO ORDERED.**

Date: 6/8/2022

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel